Ezra Sutton, Esq.
**EZRA SUTTON, P.A.**
Plaza 9, 900 Route 9
Woodbridge, New Jersey 07095
Telephone (732) 634-3520
Facsimile (732) 634-3511
Admitted *pro hac vice*

<u>Local Counsel:</u>
Tom Kohan, Esq.
445 South Figueroa Street
Suite 2700
Los Angeles, CA 90071
Attorneys for Defendant
Age Group, Ltd.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LA PRINTEX INDUSTRIES, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORP., a Minnesota Corporation; et al.,<br><br>Defendants. | Case No. 01 CV 06-4640 (DSF)<br>*Before the Honorable Dale S. Fischer*<br><br>Hearing: January 14, 2008 |

## <u>DEFENDANT AGE GROUP MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

1
2
3
## **TABLE OF CONTENTS**

*Page #*

4
5
I. INTRODUCTION..................................................................................1

II. BACKGROUND....................................................................................1

III. LEGAL STANDARDS...........................................................................2

    A. Summary Judgment Standard.....................................................2

    B. Derivative Works........................................................................3

    C. Failure To Identify A Pre-Existing Work On A Copyright Application..................................................4

IV. ARGUMENT..........................................................................................4

    A. Presumption of Validity Is Negated Because The Copyright Office Lacked Material Information .......................................................4

    B. Plaintiff had knowledge of the Haller design and not only withheld it from the Copyright Office, but Plaintiff also withheld it from this Court..........................................................................................6

    C. Plaintiff's copyright registration should be held unenforceable and/or invalid based on Plaintiff's pattern of withholding the Haller design from the Copyright Office and this Court.........................................7

V. CONCLUSION.......................................................................................7

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

FEDERAL CASES *Page #*

Tarin v. County of Los Angeles, 123 F.3d 1259, 1263 (9th Cir.1997)..........................................................................................2

Celotex Corp. v. Catrett, 477 U.S. 317, 323-324 (1986)...............................2

Russell v. Price, 612 F.2d 1123, 1128 (9th Cir.1979).................................... 3

Express, LLC v. Fetish Group, Inc., 424 F. Supp 2d 1211 (C.D. Cal. 2006)..............4

FEDERAL STATUTES

17 U.S.C. § 101...........................................................................................3

17 U.S.C. § 103(b)......................................................................................3

## I. INTRODUCTION

This is Defendant Age Group's Motion for Summary Judgment to hold Plaintiff's copyright registration unenforceable and/or invalid based on Plaintiff's failure to disclose to both the Copyright Office and this Court, on at least three (3) filings with the Court, the pre-existing of the Erika Haller design which, Plaintiff's own Expert witness, Frances Harder, admitted was a substantially similar design to Plaintiff's copyrighted design.

## II. BACKGROUND

The Plaintiff here failed to disclose to the Copyright Office that its design or print floral pattern was comprised of a pre-existing design (the Erika Haller design Exhibit 28). In terms of analyzing infringement, this is significant because infringement, or the lack of infringement, must be determined by comparing defendant's floral print to <u>only the novel elements</u>, <u>if any</u>, of Plaintiff's floral design. Section 6 of the copyright application specifically requires an applicant to identify any pre-existing works. This section was left blank in Plaintiff's copyright application and registration.

As a result, the Copyright Office had no idea that Plaintiff did not write the design elements of the floral rose pattern. For example, the Copyright Office did not know that the floral designs were not created by the Plaintiff and are substantially similar to the prior Erika Haller floral design. Then, in this litigation, Plaintiff failed again in a number of pleadings to disclose to this Court the prior Haller design. First, it was not disclosed in the original complaint or in the first amended complaint. Second, it was not disclosed in Plaintiff's Rule 26A disclosures. See Sutton Declaration. Defendant's counsel Sutton learned of the prior Haller design from a prior litigation involving Plaintiff and Defendant's counsel Sutton confronted Plaintiff's counsel with

this information in March of 2007. See Sutton Declaration. Shortly thereafter, Plaintiff was compelled to amend their complaint again to disclose the prior Haller design. See Sutton Declaration.

If Plaintiff's counsel was not confronted with this information, Plaintiff would never have disclosed in this law suit and to this Court, that Plaintiff's copyrighted floral print design was substantially similar to the prior Haller Design.

## III. LEGAL STANDARDS

### A. Summary Judgment Standard

Rule 56(c) requires summary judgment when the evidence, viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1263 (9th Cir.1997). Defendant as the moving party bears the initial burden of establishing the absence of a genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). That burden may be met by "'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." Id. at 325. Once Defendant has met its initial burden, Rule 56(e) requires Plaintiff to go beyond the pleadings and identify facts that show a genuine issue for trial. *See id.* at 323-34; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

There can be no genuine issue as to any material fact where the nonmoving party's proof is deficient in meeting an essential part of the applicable legal standard. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

Once the Court construes the creative elements, if any, of Plaintiff's derivative copyrighted design, it will be clear that Age Group's accused design is substantially different than Plaintiff's copyrighted design and cannot infringe as a matter of law.

B. **<u>Derivative Works</u>**

As defined by the Copyright statute, "[a] 'derivative work' is a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgement, condensation, or any other form in which a work may be recast, transformed, or adapted." 17 U.S.C. § 101. The statutory definitions make it clear that derivative works require some artistic modification to the underlying works beyond simply combining them to create a "synergistic artistic work"

"The copyright in a compilation or derivative work extends only to the (new) material contributed by the author of such work, as distinguished from the <u>preexisting material</u> employed in the work, and does not imply any exclusive right in the preexisting material. The copyright in such work is independent of, and does not affect or enlarge the scope, duration, ownership, or subsistence of, any copyright protection in the preexisting material."17 U.S.C. § 103(b).

It is well-established in this Circuit that "a derivative copyright protects only the new material contained in the derivative work, not the matter derived from the underlying work." *Russell v. Price*, 612 F.2d 1123, 1128 (9th Cir.1979). Moreover, copyright holders are only entitled to protection with respect to their original contributions. As codified in 17 U.S.C. § 103(b), "[t]he copyright in a *compilation or derivative* work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work." (emphasis added). Whether viewed as a compilation or a derivative work, Palintiff's copyright cannot extend beyond its contribution to a work comprised entirely of third-party components. 17 U.S.C. § 103(b). The "bodily appropriation" test provides the necessary safeguards for preventing extension of the copyright to the underlying components.

### C. Failure To Identify A Pre-Existing Work On A Copyright Application

Question 6 of a Copyright Application for a Certificate of Registration from the United States Copyright Office refers to derivative works or compilations. The form requires that 6(a) and (b) be completed if the work is derivative and that 6(b) be completed if the work is a compilation. Question 6(a) requires that an applicant "[i]dentify any preexisting work or works that [the applicant's] work is based on or incorporates." Question 6(b) requires the applicant to "[g]ive a brief, general statement of the material that has been added to this work and in which copyright is claimed."

In order for the court to invalidate a copyright certificate on the basis of fraud "the court would have to find either that (1) the omission was an intentional fraud on the Copyright office; or (2) that the [moving party] was prejudiced by the omission." *Express, LLC v. Fetish Group, Inc.*, 424 F. Supp 2d 1211 (C.D. Cal. 2006). Moreover, "Inadvertent mistakes on registration certificates do not invalidate a copyright and thus do not bar infringement actions, unless the alleged infringer has relied to its detriment on the mistake, or the claimant intended to defraud the Copyright Office by making the misstatement." *Id.* (Applicant's failure to disclose preexisting public domain material did not raise an issue of triable fact on plaintiff's intent to defraud the Copyright Office).

## IV. ARGUMENT

### A. Presumption of Validity Is Negated Because The Copyright Office Lacked Material Information.

The Copyright Office lacked complete and accurate material information when evaluating Plaintiff's copyright application. Therefore, any presumption of validity normally available to Plaintiff's copyright registration is negated.

4

Deference to the Copyright Office's registerability determination is improper where its decision was based on incomplete or misleading information. It is a matter of law whether information is material. See <u>Whimsicality, Inc. v. Rubie's Costume Company, Inc., 891 F.2d 452 (2d Cir. 1989)</u>.

A copyright applicant is expressly required to disclose pre-existing works from which their claimed work was created. See 17 U.S.C. Section 409 (9). ("The application for copyright registration... shall include, in the case of a compilation or derivative work, an identification of any pre-existing work or works that it is based on or incorporates, and a brief, general statement of the additional material covered by the copyright claim being registered.")

The Plaintiff here failed to disclose to the Copyright Office that its design or print floral pattern was comprised of a pre-existing design (the Erika Haller design Exhibit 28). Section 6 of the copyright application specifically requires an applicant to identify any pre-existing works. This section was left blank in Plaintiff's copyright application and registration.

As a result, the Copyright Office had no idea that Plaintiff did not create the design elements of the floral rose pattern. For example, the Copyright Office did not know that the floral designs were not created by the Plaintiff and are substantially similar to the prior Erika Haller floral design. See Exhibits 26 to 28 from the Harder deposition, and pages 52 to 64 of the Harder deposition (attached to Sutton declaration), where Plaintiff's expert testified that circled sections A to H of the Plaintiff's floral pattern (Exhibit 26) are substantially similar to circled sections A to H of the prior Haller floral pattern (Exhibit 28). Thus, Plaintiff's floral pattern, as presented to the Copyright Office, was <u>not</u> an original work of art, and this was a "knowing" and material omission in Plaintiff's copyright application. The knowledge issue is discussed below in further detail.

5

**B.  Plaintiff had knowledge of the Haller design and not only withheld it from the Copyright Office, but Plaintiff also withheld it from this Court.**

As discussed above, the Plaintiff failed to disclose the prior Haller design to the Copyright Office.

Then, in this litigation, Plaintiff failed again in a number of pleadings to disclose to this Court the prior Haller design. First, it was not disclosed in the original complaint or in the first amended complaint. Second, it was not disclosed in Plaintiff's Rule 26A disclosures. See Sutton Declaration. Defendant's counsel Sutton learned of the prior Haller design from a prior litigation involving Plaintiff, and Defendant's counsel Sutton confronted Plaintiff's counsel with this information in March of 2007. See Sutton Declaration. Shortly thereafter, Plaintiff was compelled to amend their complaint again to disclose the prior Haller design. See Sutton Declaration.

If Plaintiff's counsel was not confronted with this information, Plaintiff would never have disclosed in this lawsuit and to this Court, that Plaintiff's copyrighted floral print design was substantially similar to the prior Haller Design.

**C.  Plaintiff's copyright registration should be held unenforceable and/or invalid based on Plaintiff's pattern of withholding the Haller design from the Copyright Office and this Court.**

The Harder deposition made it clear that major sections of Plaintiff's pattern (Exhibit 26) are substantially similar to Haller's design (Exhibit 28). In terms of analyzing infringement, this is significant because infringement, or the lack of infringement, must be determined by comparing defendant's floral print to <u>only the novel elements, if any</u>, of Plaintiff's floral design.

It is now clear that Plaintiff's pattern of failing to disclose the prior Haller design was done in order to prevent this infringement analysis from taking place. That is, Plaintiff was trying to insure that Plaintiff's design, <u>as a whole</u>, would be compared to

6

Defendant's design to determine infringement, and this would be an improper analysis, since only the novel elements, if any, should be compared to Defendant's design.

For these reasons, Plaintiff's copyright registration should be held unenforceable and/or invalid.

## V. CONCLUSION

In conclusion, based on the foregoing, Defendant respectfully requests that the Court grant this motion.

Respectfully Submitted,

AGE GROUP, LTD.

By _____

EZRA SUTTON, Esq. (*pro hac vice*)

EZRA SUTTON, P.A.

Plaza 9, 900 Route 9
Woodbridge, New Jersey  07095
Telephone (732) 634-3520
Facsimile (732) 634-3511

Dated: December 24, 2007

(Local Counsel)
Tom Kohan, Esq.
445 South Figueroa Street
Suite 2700
Attorneys for Defendant
Age Group, Ltd.